UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| GARY R. THOMAS, | CASE NO. 2:07-CV-1249-RLH-VPC |
| Plaintiff(s), | ORDER SCHEDULING INMATE EARLY MEDIATION CONFERENCE |
| vs. | |
| J. TORRUELLA, et al., | |
| Defendant(s). | |

The court notifies the parties and counsel that this case is referred to the inmate early mediation program. An early mediation conference is hereby scheduled to commence on **Monday, June 8, 2009** at **9:00 a.m.**, in the courtroom of the undersigned United States Magistrate Judge, Federal Courthouse, Fourth Floor, Reno, Nevada.

All counsel of record who will be participating in the trial of this case, all non-inmate parties appearing *pro se,* if any, and a representative of the defendants must be present. **Inmate plaintiff shall appear via video conference. The Office of the Attorney General is directed to make the necessary arrangements for plaintiff's appearance via video and shall notify Lisa Mann, Courtroom Administrator, with the video conference reservation number and telephone number at which the plaintiff can be reached at least two days prior to the early mediation conference.**

In the case of non-individual parties, counsel shall arrange for a representative with binding authority to settle this matter up to the full amount of the claim and to be present for the duration of the mediation conference. All parties and counsel should make arrangements to be present at the conference for the entire mediation. Every effort should be made to avoid scheduling airline flights or other obligations that will interfere with or shorten the mediation conference.

Any exceptions to the above attendance requirements must be submitted to the Court for approval at least one week prior to the early mediation conference. Communications to the mediator shall be made through Lisa Mann, Courtroom Administrator, 400 S. Virginia Street, Room 301, Reno, Nevada 89501, (775)686-5653.

-1-

**The filing of the answer or other response by defendants is STAYED pending the early mediation conference. If the case is not resolved in this early mediation, defendants shall file their answer or other response to plaintiff's complaint within twenty (20) days of the mediation conference.**

PREPARATION FOR MEDIATION

I.   ATTENDANCE OF COUNSEL AND PARTIES OR PARTY REPRESENTATIVE

Unless excused by order of the Court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the mediation. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. For a defendant, such representative must have final settlement authority to commit the organization to pay, <u>in the representative's own discretion</u>, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.

If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is <u>absolutely required</u>. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's own discretion</u>, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.

<u>The purpose of these requirements is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present</u>. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with these provisions, s/he shall immediately discuss the circumstance with opposing counsel to resolve it well before the mediation, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

Counsel appearing for the mediation without their client representatives or insurance company representatives, authorized as described above, will cause the mediation to be canceled or rescheduled. The non-complying party, attorney or both may be assessed the costs and expenses incurred by other parties and the court

as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

II. PURPOSE OF THE MEDIATION

The purpose of the mediation conference is to facilitate settlement of this case. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the mediator in confidence will be kept confidential, and will not be disclosed to any other party, or to the judges assigned to this case.

At the mediation, the parties and counsel, shall be prepared to outline the factual and legal highlights of the case. Separate, confidential caucuses will then be held with each party and the party's representative(s). Attached is an outline for the parties and counsel to review prior to the mediation to make the best use of the limited time allotted.

**The requirement for parties' personal appearance is intended to increase the efficiency and effectiveness of the mediation conference,** by reducing the time for communication of offers and expanding the ability to explore options for settlement.

III. THE MEDIATION STATEMENT

In preparation for the mediation, the attorneys for each party, and parties appearing *pro se*, shall submit a confidential mediation statement for the Court's in camera review. At the conclusion of the mediation, these statements will be shredded to insure confidentiality. The mediation statement shall be limited to seven (7) pages and contain the following:

1. A brief statement of the nature of the action;
2. A brief analysis of the key issues involved in the litigation;
3. A discussion of the strongest points in your case, both legal and factual, and a frank discussion of the weakest points as well;
4. A further discussion of the strongest and weakest points in your opponent's case, but only to the extent that they are more than simply the converse of the weakest and strongest points in your case;

| | |
|---|---|
| 5. | A history of settlement discussions held to date, including the current status of settlement discussions between the parties, and the last settlement proposal made by you and to you; |
| 6. | The settlement proposal that you believe would be fair; |
| 7. | The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation; |
| 8. | You are required to attach proof of the specific proposals and counter proposals made prior to the mediation conference pursuant to Section III of this order; |
| 9. | You may attach to your statement those document or exhibits which are especially relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests. |

The mediation statements shall be received by chambers at 400 S. Virginia Street, Suite 404, Reno, NV 89501 no later than **Monday, June 1, 2009** at **4:00 p.m.** DO NOT FILE THE MEDIATION STATEMENTS; DO NOT SERVE A COPY ON OPPOSING COUNSEL. The mediation brief should be in an envelope clearly marked "Confidential, Contains Mediation Brief."

The purpose of the mediation statement is to assist the Court in preparing for and conducting the early mediation conference. To facilitate a meaningful conference, your utmost candor in responding to the above-listed questions is required.

DATED this  6th  day of  April , 2009.

_____
VALERIE P. COOKE
U.S. MAGISTRATE JUDGE

# EARLY MEDIATION CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Mediations are more efficient if all parties and counsel are prepared. Consider the following topics to aid in the effectiveness of your mediation conference.

- A. <u>FORMAT</u>
    1. Parties with ultimate settlement authority **must** be personally present.
    2. The mediator will use a mediation format, and private caucusing with each side; the mediator may address your client directly. The mediator will not meet with parties separately from counsel.

- B. <u>ISSUES</u>
    1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue. What is your most persuasive argument?
    2. What remedies are available resulting from this litigation? From a settlement?
    3. Is there any ancillary litigation pending or planned which affects case value?
    4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?
    5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

- C. <u>NEGOTIATIONS</u>
    1. Where did your last discussions end? Are you sure?
    2. Schedule with opposing party: Will discussions before the mediation make it proceed more efficiently? If so, parties are encouraged to schedule a pre-mediation meeting.
    3. What should be your starting value of your case? Be prepared to explain your assessment to the opposition.
    4. Think about what a reasonable, realistic settlement would look like. Think about value from the opposition's point of view. Be prepared to discuss different viewpoints.
    5. Is there confidential information which affects case value? Why can't/won't/ shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?
    6. What happens if you don't settle the case at the mediation? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

D. <u>CLOSING</u>

1. If settlement is reached, it will be on the record.

2. Have you considered settlement formats?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again as the case proceeds.