# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

\* \* \*

| | | |
|---|---|---|
| GARY R. THOMAS, | ) | |
| Plaintiff(s), | ) | 2:07-cv-1249-RLH-VPC |
| vs. | ) | **O R D E R** |
| J. NEVES, *et al.*, | ) | (Motion for Summary Judgment–#38) |
| Defendant(s). | ) | |

Before the Court is Defendant Torruella and Stahl's **Motion for Summary Judgment** (Dkt.#38, filed October 5, 2009). Plaintiff's opposition was due October 20, 2009, two weeks ago. Nothing has been forthcoming, nor has any request for an extension of time to respond been received by the Court. The motion will be granted.

Plaintiff's complaints against Dr. Torruella and Medical Technical Assistant Stahl allege violation of the Eighth Amendment because of failure to provide proper medical treatment for his complaints of shoulder pain. The moving Defendants' motion has established that they did provide proper medical treatment, their conduct did not cause Plaintiff any harm, and they are entitled to qualified immunity.

1

LAW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1148 (D. Nev. 2005) (citations omitted).

In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).  The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

DISCUSSION

Through the presentation of Plaintiff's deposition transcript, Dr. Torruella and R. Stahl's Declarations under oath, and the medical records regarding Plaintiff, Defendants have shown that they did not neglect Plaintiff or his complaints.  That he was treated conservatively, but properly until the source of his complaints were diagnosed and surgically treated.  That the time to diagnose and treat Plaintiff, and the treatments itself, were within the standard of care in the medical community.

Defendants have further established that their conduct does not establish deliberate indifference.

/ / / /

Finally, they have established that their conduct did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, and are, thus, entitled to qualified immunity.

All the foregoing have been established as uncontroverted facts. They have met their burden and the burden now falls upon Plaintiff to set forth specific facts showing that there is a genuine issue for trial. He has failed to do so. These Defendants are entitled to summary judgment and their motion will be granted.

Dated:  November 4, 2009.

_____
Roger L. Hunt
Chief United States District Judge