IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY THOMAS,<br><br>       Plaintiff,<br><br>  v.<br><br>J. NEVES, *et al.*,<br><br>       Defendants. | 2:07-CV-01249-RLH-VPC<br><br>**FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>April 20, 2010 |

Before the court is defendants Toruella and Stahl's motion for summary judgment (#38). Plaintiff opposed (#54) and defendants replied (#56).[1] The court has thoroughly reviewed the record and the motion and recommends that defendants' motion for summary judgment (#38) be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Gary Thomas ("plaintiff") is currently incarcerated at Corcoran State Prison ("CSP") in the custody of the California Department of Corrections and Rehabilitation ("CDCR") (#43). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Folsom State Prison ("FSP"). *Id*. Plaintiff's amended complaint includes claims for "harassment, denial of medical treatment, negligent medical treatment, and excessive force" (#9). Plaintiff names the following persons as defendants in both their official and individual capacities: Torruella, Brozdounoff, Holloway, Gangi, and Stahl,. *Id*. The instant motion

---

[1] Defendants submitted the instant motion for summary judgment on October 5, 2009. Plaintiff failed to respond, and the court held that defendants, as the moving party, had met their burden of demonstrating that no genuine issue of material fact remained. Therefore, on November 4, 2009, the District Court granted defendants' motion (#41). On December 28, 2009, plaintiff moved for an extension of time to oppose the motion for summary judgment (#46). It appears that on that same date, plaintiff filed an opposition (#47). On January 8, 2010, the District Court granted plaintiff's December 28 motion and allowed plaintiff thirty days to file an opposition to defendants' motion for summary judgment. On January 28, 2010, plaintiff filed his opposition to the instant motion (#54).

The court looks to the January 28 opposition to summary judgment (#54) submitted in compliance with the District Court's January 8 order and refrains from entertaining the previously filed opposition (#47).

1  submitted on behalf of defendants Torruella and Stahl solely addresses plaintiff's Eighth Amendment
2  claim for deliberate indifference to serious medical needs (#38, p. 1).[2]

3          The following facts are undisputed.[3] On December 5, 2005, prison staff forcibly restrained
4  plaintiff (#40, p. 2). Following the incident, plaintiff complained of pain in his right shoulder. *Id.*
5  Prison medical staff then examined plaintiff. *Id.* Plaintiff continued to complain of pain and
6  requested medical attention from defendant Stahl. *Id.* Defendant Stahl forwarded plaintiff's requests
7  to medical staff. *Id.*

8          As of January 6, 2006, x-rays of plaintiff's right shoulder did not reveal any evidence of
9  injury. *Id.* Defendant Torruella examined plaintiff on January 18, 2006, and ordered an
10 electromyogram to determine whether plaintiff suffered from muscle or nerve injury. *Id.* Over the
11 following two weeks, defendant Torruella prescribed medication for the purposes of alleviating
12 plaintiff's pain. *Id.* pp. 2-3.

13         Approximately six months later, on August 14, 2006, defendant Torruella examined plaintiff
14 and ordered a MRI of plaintiff's right shoulder. *Id.* p. 3. On October 25, 2006, an MRI revealed a
15 "rotator cuff" injury.[4] *Id.* On September 21, 2007, plaintiff underwent surgery to repair the injury
16 to his shoulder. *Id.*

17 ///
18 ///
19

---

20
21   [2] At the time of this Report and Recommendation, the parties are scheduled for trial in June 2010 on plaintiff's remaining claims. The court does not address any of plaintiff's claims in this matter other than those presented in the instant motion.
22

23   [3] Under Local Rule 260, "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit
24 those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document
25 relied upon in support of that denial." Plaintiff fails to set forth a statement of facts or admit or deny facts that are in dispute. Giving this *pro se* plaintiff the benefit of all doubt, the court accepts as true only those
26 facts set forth in defendants' Statement of Undisputed Facts (#40), which plaintiff does not appear to contest.

27   [4] The report from the radiologist listed the injury as follows: "[n]ear complete tear of the proximal aspect of the supraspinatus tendon. Low lying acromion with narrowing of the acromial humeral
28 space" (#40, Ex. N).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

   **1.     Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.     Analysis**

Plaintiff brings suit against defendants in their official and individual capacities and

alleges that delayed diagnosis of his shoulder injury and failure to administer proper pain medication constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

### 1.     Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result

1  of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Prison
2  medical staff do not violate the Eighth Amendment simply because their opinion concerning
3  medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662
4  F.2d 1337, 1344 (9th Cir. 1981). Moreover, "mere delay of surgery, without more, is
5  insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State*
6  *Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *accord McGuckin v. Smith*,
7  974 F.2d 1050, 1060 (9th Cir. 1992).

8  In this case, defendants' position is that plaintiff fails to demonstrate any evidence
9  constituting deliberate indifference to plaintiff's serious medical needs (#38). The court
10 agrees. Plaintiff's injury, a "rotator cuff tear," is a "serious medical need," and defendants
11 do not appear to contest that fact. However, plaintiff does not present any facts to suggest
12 that defendants were deliberately indifferent.

13 Defendant Stahl produces his sworn affidavit in which he attests that he forwarded
14 each of plaintiff's medical requests to available medical personnel (#40, Ex. C). In his
15 opposition, plaintiff does not contest defendant Stahl's acts with respect to any deliberate
16 indifference to serious medical needs (#54). Rather, plaintiff takes the opportunity to
17 emphasize other alleged acts of defendant Stahl, which would constitute a different claim for
18 relief. *Id.* pp. 2-3. Because plaintiff does not raise any factual issue concerning defendant
19 Stahl's response to medical requests, the court grants summary judgment for defendant Stahl
20 on plaintiff's claim of deliberate indifference to serious medical needs.

21 With respect to defendant Torruella, no facts demonstrate that he denied, delayed,
22 or intentionally interfered with plaintiff's medical care. Defendant Torruella and CDCR
23 medical staff examined plaintiff from the date of plaintiff's injury to the ultimate decision
24 to operate (#40, pp. 2-3). The January 2006 x-rays did not reveal any injury, and at that time,
25 defendant Torruella prescribed medication for the purposes of pain relief. The court is
26 somewhat puzzled that defendant Torruella would prescribe Dilantin for shoulder pain
27 because plaintiff submits portions of the Physicians Desk Reference, a medical treatise and
28 reliable authority, which clearly indicates that Dilantin is "an antiepileptic drug prescribed

1  to control grandmal seizures" (#54, Ex. D).  Given that plaintiff suffers from a seizure
2  disorder, it would make sense that this medication was prescribed for that purpose, not to
3  treat pain.  However, this dispute over whether defendant properly prescribed Dilantin for
4  pain or for plaintiff's seizure disorder is not material to the constitutional claim because,
5  even if defendant Torruella's acts were negligent, malpractice does not constitute deliberate
6  indifference.  *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a
7  constitutional violation merely because the victim is a prisoner.").  Nonetheless, in the
8  following two weeks, defendant Torruella examined plaintiff and prescribed other
9  medication for pain relief (#40, p. 2), which by plaintiff's own admission was proper (#54,
10 p. 4, Ex. C).  In August 2006, defendant Torruella ordered a MRI of plaintiff's shoulder and
11 diagnosed the injury.  Plaintiff's injury was then surgically repaired.

12 Defendant Torruella provides evidence that, other than pain, no significant harm
13 befell plaintiff from the course of treatment given (#40, Ex. B).  With respect to plaintiff's
14 pain, the evidence demonstrates that defendant Torruella prescribed medication to alleviate
15 those symptoms (#40, p. 2; #54, p. 4).  Defendants pursued a particular course of treatment,
16 and plaintiff merely disagreed with that medical decision.  However, plaintiff does not
17 demonstrate any factual issues concerning whether defendant Torruella was deliberately
18 indifferent to plaintiff's medical needs.

19 Therefore, summary judgment for defendant Torruella is proper.

20 **2.      Eleventh Amendment Immunity**

21 The Eleventh Amendment states: "The Judicial power of the United States shall not
22 be construed to extend to any suit . . . against one of the United States by Citizens of another
23 State . . . ."  U.S. Const. amend XI.  The Supreme Court has held that a suit against a state
24 official in his or her official capacity is not suit against that official, but rather a suit against
25 the official's office; therefore, an official acting in his or her official capacity is not a
26 "person" under section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).
27 Since the state and its officials are not considered "persons" within the meaning of section
28 1983, "they cannot be held liable under the statute for money damages."  *Bank of Lake Tahoe*

1 | *v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

2 | In his amended complaint, plaintiff names defendants in their official and individual
3 | capacities (#9). Although plaintiff does not provide any prayer for relief in his amended
4 | complaint, nothing suggests that he is seeking anything other than damages. It is clear that
5 | defendants cannot be sued in their official capacities for money damages. *Bank of Lake*
6 | *Tahoe*, 318 F.3d at 918. Therefore, the court grants summary judgment for defendants
7 | Torruella and Stahl in their official capacities on all counts.[5]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated that defendants were deliberately indifferent to plaintiff's serious medical needs. As such, the court recommends that defendants' motion for summary judgment (#38) be **GRANTED**.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#38) be **GRANTED**.

DATED: April 20, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Because plaintiff has not demonstrated that defendants acted with deliberate indifference to his serious medical needs, the court need not reach issues of qualified immunity.